# RF RUSSELL FRIEDMAN
& A S S

Application to file under seal granted. Judicial approval of the infant compromise petition is reserved pending plaintiffs' supplementing the pending petition. Plaintiffs shall supplement the petition by filing an affidavit, by a person with personal knowledge, setting forth an itemization of attorneys' time and services rendered, supported by copies of the retainer agreement, contemporaneous time records, and an explanation as to the items constituting the expenses claimed, supported by documentary evidence. The supplement to the petition should be prepared so as to enable the Court to determine whether the proposed settlement, in particular the legal fees and expenses sought, is fair and reasonable and in the infant plaintiff's best interest. *See, e.g., Martegani v. Cirrus Design Corp.*, 687 F. Supp. 2d 373 (S.D.N.Y. 2010).

July

**VIA ECF & FIRST CLASS MAIL**

Hon. Philip M. Halpern
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

    Re.    *Bayer v. County of Dutchess, et al.*
          7:19-cv-03383 (PMH)

Dated:  White Plains, New York
         July 21, 2023

Dear Judge Halpern:

The Russell Friedman Law Group, LLP represents Plaintiffs in connection with the above-referenced action. The present application is made with Defendants' consent.

Per the Court's Order, Plaintiffs are to file their motion for the infant compromise by July 21, 2023. *DE130*. I write to respectfully request leave to file the motion and its supporting papers under seal in accordance with Your Honor's Individual Rules. Attached hereto as Exhibit 1 is a copy of the anticipated filings. A copy of the instant application together with attached Exhibit is being provided to Defendants' counsel via electronic mail.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

Courts have permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination of such data and to protect an individual's privacy interest in that data, or the privacy interests of third parties. *See Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, No. 18-CV-10364 (LGS), 2021 WL 211544, at *3 (S.D.N.Y. Jan. 21, 2021); *City of*



July 20, 2023

Page 2

*Providence v. BATS Glob. Markets. Inc.*, No. 14-CV-2811 (JMF), 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022).

Here, the reason for the present application is that the supporting papers to Plaintiffs' motion contains personal identifiable information regarding the infant-plaintiff, financial account information and personal identifiable information regarding Plaintiffs Dana and Michael Bayer. Finally, Plaintiff Michael Bayer is employed as a New York State Police Officer. The supporting papers set forth Plaintiffs' personal identifiable information which for safety and security purposes Plaintiffs would respectfully request not be publicly disclosed.

Therefore, it is respectfully requested that Plaintiffs be permitted to file Plaintiffs' motion for the infant compromise under seal.

Thanking the Court for its time and consideration, I remain

Respectfully,
THE RUSSELL FRIEDMAN LAW GROUP, LLP

*/S Pablo A. Fernandez*
Pablo A. Fernandez

cc:     Kimberly Hunt Lee, Esq. (Via E-Mail)
        *Attorney for Defendants*